| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>*Caption in compliance with D.N.J. LBR 9004-2(c)*<br><br>**McCarter & English LLP**<br>Charles A. Stanziale, Jr., Esq.<br>Donald J. Crecca, Esq.<br>Christine Barba, Esq.<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, New Jersey 07102<br>Telephone: (973) 622-4444<br>Facsimile: (973) 624-7070<br><br>*Counsel for Charles A. Stanziale, Chapter 7 Trustee* | |
| In Re:<br><br>JACK H. BOYAJIAN,<br><br>          Debtor. | Lead Case No.: 09-32883 (MS)<br><br>Chapter 7<br><br>Judge: Morris Stern |
| CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE,<br><br>          Plaintiff,<br>     v.<br><br>JACK H. BOYAJIAN,<br><br>          Defendant. | Adversary Proceeding No. |

## COMPLAINT TO DETERMINE DISCHARGEABILITY AND AND OBJECTING TO DISCHARGE OF DEBTS

Plaintiff Charles A. Stanziale, Jr., Chapter 7 Trustee ("Plaintiff" or the "Trustee"), by and through his counsel, McCarter & English, LLP, by way of the within Complaint to Determine Dischargeability and Objecting to Discharge of Debts against defendant Debtor Jack H. Boyajian (the "Debtor"), states as follows:

ME1 9491983v.1

## JURISDICTION AND VENUE

1.This adversary proceeding arises in and relates to the bankruptcy case captioned In re Jack H. Boyajian, United States Bankruptcy Court for the District of New Jersey, Case No. 09-32883 (the "Bankruptcy Case").

2.This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) because it is a core proceeding to determine dischargeability of a debt, and to determine whether a debtor is entitled to a discharge.

3.Venue properly lies in this District under 28 U.S.C. § 1409(a) because this adversary proceeding is related to the Bankruptcy Case, which is pending in this District and arises under Title 11 of the United States Code, 11 U.S.C. §701, et seq.

## PARTIES

4.Plaintiff Charles A. Stanziale, Jr., Trustee, is the duly appointed Chapter 7 Trustee of the Debtor, with offices located at Four Gateway Center, 100 Mulberry Street, Newark, New Jersey 07102.

5.Defendant, Debtor Jack H. Boyajian, is the debtor in the above-referenced matter, and is an adult individual with a residence at 17 Glenwood Drive, Saddle River, New Jersey 07458.

## BACKGROUND

6.On August 31, 2009 (the "Petition Date"), the Debtor filed a petition for Chapter 7 bankruptcy protection in this Court.

7.Prior to the Petition Date, the Debtor engaged in a course of conduct over a number of years which repeatedly violated state and federal law governing the collection of consumer debts.

ME1 9491983v.1

8. From approximately 1992 through 1995, Debtor, individually and by controlling other individuals and entities, conducted a consumer debt collection practice through G & L Financial Services ("G&L"), of which the Debtor was president.

9. In his position as president of G&L, the Debtor controlled and directed the conduct of multiple employees in attempts to collect consumer debts.

10. As a result of the Debtor's conduct in connection with G&L, numerous complaints were filed by individual consumers for the Debtor's violation of state and federal consumer protection laws, including the federal Fair Debt and Collection Practices Act as well as similar state laws governing the collection of consumer debts.

11. The Debtor remained president of G&L until the company ceased operations in 1995.

12. Following the demise of G&L, the Debtor continued in the business of consumer debt collection.

13. From approximately 1999 through 2007, the Debtor, individually and by controlling other individuals and entities, held himself out as an attorney in multiple states and practiced debt collection law.

14. The Debtor continued his consumer debt collection business by forming multiple law firms, including the Boyajian Law Offices and the Boyajian and Brandon Legal Group, f/k/a JBC Legal Group, P.C., f/k/a JBC & Associates, P.C. (collectively, the "Boyajian Firms"), which employed additional attorneys, paralegals and staff members.

15. At all times, the Debtor owned, controlled and was the sole stockholder of the Boyajian Firms.

16. Although the Debtor, individually and through his control of the Boyajian Firms,

practiced collections law in multiple states, the Debtor was not authorized to practice law in the majority of the states encompassed in his practice.

17.     Specifically, the Debtor applied for admission to the bars of the states of New Jersey, New York, and Florida, but was not admitted in those states. Debtor was denied admission to the bars of the states of New Jersey and New York based on his failure to satisfy the applicable standards for character and moral fitness, based at least in part on the multiple claims against him for violations of federal and state consumer protection law.

18.     Debtor also applied for admission to the bar of the state of California, but was required to complete certain remedial courses to address character and moral fitness violations prior to his admission, which delayed Debtor's admission to practice law in California for approximately two years.

19.     Debtor faced complaints and judgments for violation of consumer protection laws and fair debt collection practices in at least thirty (30) states, including New York, Minnesota, Montana, New Jersey, Pennsylvania, Colorado, Illinois, North Carolina, Kentucky, Alabama, Georgia, Florida, Connecticut, Michigan, West Virginia, and Arkansas, despite not being admitted to practice law in those states.

20.     In addition, Debtor faced numerous complaints in California, the sole state in which he was authorized to practice law.

21.     Based on the number of complaints and allegations against Debtor for violations of consumer protection and fair debt collection law, the California bar association placed the Debtor on involuntary inactive status, which ultimately led to Debtor's resignation from the practice of law in California in 2007.

22.     The vast majority of the Debtor's claims are comprised of debts based on

4

Debtor's violations of federal and state consumer protection and fair debt collection law.

23.     In addition, the Debtor has consistently engaged in deceptive practices and made false and fraudulent representations in order to obtain credit, money and services.

24.     Further, the Debtor's Petition and the disclosures made therein do not accurately reflect the assets of the Debtor.

25.     The Debtor's testimony at the hearing conducted in this matter by the Trustee pursuant to 11 U.S.C. § 341(a) (the "341 Hearing") and at the examination conducted in this matter pursuant to Fed. R. Bankr. P. 2004 (the "2004 Exam"), suggests that the Debtor filed inaccurate, incomplete and misleading statements and schedules in the Bankruptcy Case.

26.     Among other things, the Debtor has failed to satisfactorily explain his ability to remain current, as of the Petition Date, with his monthly expenses; the disposition of income to the various entities listed in the Petition in which the Debtor has an ownership or controlling interest; the nature and extent of his financial losses; and the whereabouts of information and records from which the Trustee and other creditors might ascertain the Debtor's financial condition and business transactions.

## COUNT ONE
### Nondischargeability Pursuant to Section 523(a)(2)(A)

27.     The Trustee repeats and realleges the allegations in the preceding paragraphs as if the same were set forth more fully herein.

28.     Section 523(a)(2)(A) of the Bankruptcy Code provides that debts incurred based on "false pretenses, a false representation, or actual fraud" are not dischargeable.

29.     Debtor incurred debt by false pretenses, a false reputation and actual fraud, including but not limited to holding himself out as an attorney in as many as thirty (30) different states, despite not being admitted to practice law in such states, and

5

ME1 9491983v.1

30. Pursuant to Section 523(a)(2)(A), such debts are not dischargeable.

**WHEREFORE**, the plaintiff, Charles A. Stanziale, Jr., Chapter 7 Trustee, respectfully requests that this Court enter judgment in his favor and against the Debtor, Jack H. Boyajian, as follows: (i) declaring that the debts of the Debtor are nondischargeable under Section 523(a)(2)(A) of the Bankruptcy Code; and (ii) for such other relief that is equitable and just under the circumstances.

## COUNT TWO
## Nondischargeability Pursuant to 11 U.S.C. § 523(a)(6)

31. The Trustee repeats and realleges the allegations in the preceding paragraphs as if the same were set forth more fully herein.

32. Section 523(a)(6) of the Bankruptcy Code provides that a debtor may not receive a discharge for debts incurred for "willful and malicious injury" by the Debtor to another individual or entity.

33. Violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1962 et seq., and of comparable state law, constitute "willful and malicious injury" within the meaning of Section 523(a)(6).

34. The Debtor's petition is replete with debts incurred for Debtor's violation of federal and state consumer protection and fair debt collection law.

35. Such debts are nondischargeable pursuant to Section 523(a)(6).

**WHEREFORE**, the plaintiff, Charles A. Stanziale, Jr., Chapter 7 Trustee, respectfully requests that this Court enter judgment in his favor and against the Debtor, Jack H. Boyajian, as follows: (i) declaring that the debts of the Debtor are nondischargeable under Section 523(a)(6) of the Bankruptcy Code; and (ii) for such other relief that is equitable and just under the

ME1 9491983v.1

circumstances.

## COUNT THREE
### Nondischargeability Pursuant to 11 U.S.C. § 523(a)(7)

36.     The Trustee repeats and realleges the allegations in the preceding paragraphs as if the same were set forth more fully herein.

37.     Section 523(a)(7) of the Bankruptcy Code provides that debts representing fines, penalties or forfeitures payable to or for the benefit of governmental units are nondischargeable.

38.     The Debtor has incurred debts to various governmental units, including, inter alia, fines and/or judgments incurred, or to be incurred, payable to the State of New York, the State of Arkansas and the State of Minnesota based on violations of state law governing the collection of consumer debts.

39.     Such debts are nondischargeable pursuant to Section 523(a)(7).

**WHEREFORE**, the plaintiff, Charles A. Stanziale, Jr., Chapter 7 Trustee, respectfully requests that this Court enter judgment in his favor and against the Debtor, Jack H. Boyajian, as follows: (i) declaring that the debts of the Debtor are nondischargeable under Section 523(a)(7) of the Bankruptcy Code; and (ii) for such other relief that is equitable and just under the circumstances.

## COUNT FOUR
### Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(2)(A)

40.     The Trustee repeats and realleges the allegations in the preceding paragraphs as if the same were set forth more fully herein.

41.     Section 727(a)(2)(A) of the Bankruptcy Code provides that a debtor shall not receive a discharge where the debtor, with the intent to hinder, delay and defraud his creditors,

7

transfers, removes, destroys, mutilates or conceals property of the Debtor within one year before the petition is filed.

42.     The Debtor routinely concealed his assets through, <u>inter</u> <u>alia</u>, the use of corporate entities, trusts, and family members in order to hinder, delay and defraud his creditors.

43.     By virtue of the Debtor's actions, and pursuant to section 727(a)(2)(A) of the Bankruptcy Code, Debtor is not entitled to a discharge.

**WHEREFORE**, the plaintiff, Charles A. Stanziale, Jr., Chapter 7 Trustee, respectfully requests that this Court enter judgment in his favor and against the Debtor, Jack H. Boyajian, as follows: (i) declaring that the Debtor is not entitled to a discharge under Section 727(a)(2)(A) of the Bankruptcy Code; and (ii) for such other relief that is equitable and just under the circumstances.

### COUNT FIVE
### Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(2)(B)

44.     The Trustee repeats and realleges the allegations in the preceding paragraphs as if the same were set forth more fully herein.

45.     Section 727(a)(2)(B) of the Bankruptcy Code provides that a debtor shall not receive a discharge where the debtor, with the intent to hinder, delay and defraud his creditors, transfers, removes, destroys, mutilates or conceals property of the Estate after the petition is filed.

ME1 9491983v.1

46. Since the Petition Date, the Debtor has continued to conceal his assets through, <u>inter alia</u>, the use of corporate entities, trusts and family members, in order to hinder, delay and defraud his creditors.

47. By virtue of the Debtor's actions, and pursuant to section 727(a)(2)(B) of the Bankruptcy Code, Debtor is not entitled to a discharge.

**WHEREFORE**, the plaintiff, Charles A. Stanziale, Jr., Chapter 7 Trustee, respectfully requests that this Court enter judgment in his favor and against the Debtor, Jack H. Boyajian, as follows: (i) declaring that the Debtor is not entitled to a discharge under Section 727(a)(2)(B) of the Bankruptcy Code; and (ii) for such other relief that is equitable and just under the circumstances.

## COUNT SIX
### Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(4)

48. The Trustee repeats and realleges the allegations in the preceding paragraphs as if the same were set forth more fully herein.

49. Section 727(a)(4) of the Bankruptcy Code provides that a debtor shall not receive a discharge if the debtor knowingly and fraudulently, in or in connection with the bankruptcy case, made a false oath or account.

50. The Debtor has, in the statements and schedules filed in the Bankruptcy Case and in his testimony at the 341 Hearing and at the 2004 Exam, knowingly and intentionally made false, inaccurate and/or misleading statements while under oath.

ME1 9491983v.1

51. By virtue of the Debtor's actions, and pursuant to section 727(a)(4) of the Bankruptcy Code, Debtor is not entitled to a discharge.

**WHEREFORE**, the plaintiff, Charles A. Stanziale, Jr., Chapter 7 Trustee, respectfully requests that this Court enter judgment in his favor and against the Debtor, Jack H. Boyajian, as follows: (i) declaring that the Debtor is not entitled to a discharge under Section 727(a)(4) of the Bankruptcy Code; and (ii) for such other relief that is equitable and just under the circumstances.

### COUNT SEVEN
### Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(5)

52. The Trustee repeats and realleges the allegations in the preceding paragraphs as if the same were set forth more fully herein.

53. Section 727(a)(5) of the Bankruptcy Code provides that a debtor may be denied a discharge if the debtor fails to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities.

54. The Debtor has, in the statements and schedules filed in the Bankruptcy Case and in his testimony at the 341 Hearing and the 2004 Exam, failed to satisfactorily explain his loss of assets and the deficiency of his assets to meet his liabilities.

55. By virtue of the Debtor's actions, and pursuant to section 727(a)(5) of the Bankruptcy Code, Debtor is not entitled to a discharge.

**WHEREFORE**, the plaintiff, Charles A. Stanziale, Jr., Chapter 7 Trustee, respectfully requests that this Court enter judgment in his favor and against the Debtor, Jack H. Boyajian, as

ME1 9491983v.1

follows: (i) declaring that the Debtor is not entitled to a discharge under Section 727(a)(5) of the Bankruptcy Code; and (ii) for such other relief that is equitable and just under the circumstances.

Dated: January 19, 2010    Respectfully submitted,

*/s/ Donald J. Crecca*
By:  Donald J. Crecca, Esq.

Charles A. Stanziale, Jr., Esq.
Donald J. Crecca, Esq.
Christine Barba, Esq.
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

*Counsel for Charles A. Stanziale, Jr., Esq, Ch. 7 Trustee*

ME1 9491983v.1